Order, Family Court, Bronx County (Jane Pearl, J.), entered on or about March 8, 2012, which, insofar as appealed from as limited by the briefs, upon a finding of permanent neglect, terminated respondent mother’s parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children’s Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the determination that it is in the child’s best interests to terminate the mother’s parental rights and free the child for adoption (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The evidence at the dispositional hearing shows that the child is doing well in the home of her foster mother, her father’s ex-wife, who she calls “Grandma,” and who wishes to adopt her. Moreover, the mother, at the time of the dispositional hearing, had still not completed drug treatment, parenting *520 skills, or any other aspect of her service plan (see Matter of Tyjaia Simone-Kiesha Mc. [Crystal Mc.], 101 AD3d 635 [1st Dept 2012]; Matter of Brandon R. [Chrystal R.], 95 AD3d 653 [1st Dept 2012], lv denied 20 NY3d 998 [2013]). There was no evidence that the mother was making rehabilitative progress that would warrant a suspended judgment (see Matter of Shaqualle Khalif W. [Denise W.], 96 AD3d 698 [1st Dept 2012]; Matter of Kharyn O. [Karen O.], 90 AD3d 541 [1st Dept 2011], lv denied 18 NY3d 810 [2012]).
We have considered the mother’s remaining contentions and find them unavailing. Concur—Mazzarelli, J.E, Saxe, Moskowitz and Manzanet-Daniels, JJ.